

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1411-16

## JOSHUA JACOBS, Appellant

## v.

## THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## BOWIE COUNTY

NEWELL, J., filed a concurring opinion in which ALCALA, J., joined.

For the most part, I agree with the Court's analysis. Specifically, I agree with the Court's legal conclusion that in most cases, though not all, errors regarding a limitation of voir dire are non-constitutional. But I disagree with the Court that we have to decide whether this is one of those rare cases in which the voir dire error is constitutional. Instead, I disagree with the court of appeals' conclusion that Appellant's proposed

voir dire questions in this case were valid commitment questions. Because I do not believe the trial court abused its discretion in keeping Appellant from asking his proposed questions, I would save for another case and another day the debate about which harm-analysis standard is appropriate.[1]

As the court of appeals correctly observed, even though a trial court should grant defendants great leeway in questioning the jury, we review a trial court's decision to limit voir dire under an abuse of discretion standard.[2] Whether a particular question amounts to an improper commitment question requires a three-step analysis.[3] The first step is to determine if the question is a commitment question.[4] The second is to determine if the question only includes those facts that lead to a valid challenge for cause.[5] The third step is to consider whether the question included only "necessary facts."[6]

---

[1] The only question presented to this Court for review assumes the existence of error. Consequently, I regard the question of error as subsumed within the issue granted in light of the fact that the court of appeals reached that conclusion in its decision below.

[2] *Jacobs v. State*, 506 S.W.3d 127, 132 (Tex. App.—Texarkana 2016).

[3] *Lee v. State*, 206 S.W.3d 620, 621 (Tex. Crim. App. 2006).

[4] *Lydia v. State*, 109 S.W.3d 495, 497 (Tex. Crim. App. 2003).

[5] *Id.*

[6] *Lee*, 206 S.W.3d at 622.

Here, Appellant sought to question the jury about how it would react if the State proved that Appellant had previously committed an unrelated sexual offense. As the court of appeals correctly observed, Jacobs sought to ask "the prospective jurors whether they would resolve an element of the State's case based solely on the State proving an unrelated sexual offense."[7] The court of appeals held that these questions were valid commitment questions that would have led to a valid challenge for cause because Appellant was entitled to a jury that would not be biased by the prior offense in evaluating the evidence.[8] More specifically, the court of appeals explained that proof that Appellant had committed an unrelated sexual offense was not relevant to certain elements of the offense, such as the date of the offense or where the offense was committed.[9] Had the offense been committed and tried before our Legislature's passage of Section 2(b) of Article 38.37, I might have agreed.

But the State is correct that the terms of Article 38.37 allow the jury to consider the facts of an unrelated extraneous act in considering whether the State has proven its case beyond a reasonable doubt.

---

[7] *Jacobs*, 506 S.W.3d at 133.

[8] *Id.*

[9] *Id.* at 134-35.

Section 2(b) of Article 38.37 sets out in relevant part:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, . . . evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.[10]

This statute gives broad license to the State to introduce evidence of previous sexual offenses committed by a defendant to prove the defendant's guilt. Significantly, the evidence can be admitted to prove the offense under a theory of character conformity. That is, a jury could conclude that Appellant committed the offense in this case based upon evidence that he had done it, or something like it, before. In that way, a previous sexual offense committed by Appellant would be relevant to every element of the offense because it could be used to establish that Appellant committed the crime as alleged in the indictment.

It is startling to consider the scope of the license provided by this statute. However, the court of appeals does not appear to have adequately accounted for that scope in determining that Appellant's questions were proper commitment questions. For example, the court of

---

[10] Tex. Code Crim. Proc., art. 38.37 § 2(b).

appeals determined that questions focused on the time and location of the offense were proper because the unrelated sexual offense was not relevant to those allegations without also considering whether character conformity provided that relevance.[11]  When the court of appeals did address a possible character conformity theory, it nevertheless limited the applicability of that theory.  The court of appeals essentially required the unrelated sexual offense to establish a *modus operandi* by requiring the acts of the previous offense to mirror those of the present offense.[12]  But the *modus operandi* theory of admissibility is only required when an extraneous offense cannot be used to show character conformity.[13]

In this case, Appellant essentially sought to commit the venire members to assess his guilt without considering evidence of his prior sexual offense.  Prior to the enactment of Article 38.37, the jury could not consider a prior sexual offense on a theory of character conformity to

---

[11] *Jacobs*, 506 S.W.3d at 134.

[12] *Id.* at 135 (holding that proof of a lesser, uncharged offense would not be relevant to prove penetration).

[13] *See Owens v. State*, 827 S.W.2d 911, 915 (Tex. Crim. App. 1992) (noting that evidence of a defendant's particular *modus operandi* is a recognized exception to the general rule precluding extraneous offense evidence because the *modus operandi* evidence tends to prove a material fact at issue, other than propensity).

prove guilt.[14]   That was law Appellant would have been entitled to rely upon.   And Appellant's questions would have been proper commitment questions under those circumstances because they could have revealed a potential venire member's inability to follow that law.

But after the passage of Section 2(b) of Article 38.37, that is no longer the law.   I see little conceptual difference between the questions proposed by Appellant in this case and a defendant asking "could you be fair and impartial if the victim is nine years old?" in an indecency case involving a nine-year-old victim.[15]   In *Barajas v. State*, we held that the latter question was improper.[16]   If a trial court could properly prohibit that question, then the trial court's limitation of Appellant's voir dire was equally proper.

With these thoughts, I concur.

Filed: October 10, 2018

Publish

---

[14] *See, e.g., Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) ("Evidence of extraneous offenses is not admissible at the guilt phase of a trial to prove that a defendant committed the charged offense in conformity with a bad character.").

[15] *Barajas v. State*, 93 S.W.3d 36, 37-38 (Tex. Crim. App. 2002).

[16] *Id.* at 41-42.